*Chandler v. State of Vermont*, No. 220-5-15 Wmcv (Teachout, J., Oct. 7, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**
**Windham Unit**                                      **Docket No. 220-5-15 Wmcv**

**CHARLES CHANDLER**
    **Petitioner**

    **v.**

**STATE OF VERMONT**
    **Respondent**

## DECISION
### The State's Motion to Dismiss

In this case, Petitioner Charles Chandler asks the court to vacate his felony conviction for impeding a public officer due to the ineffectiveness of his criminal defense counsel. He asserts that he seeks this relief pursuant to V.R.C.P. 75 (review of governmental action) and V.R.A.P. 21 (extraordinary relief) and specifically *not* as post-conviction review (PCR), 13 V.S.A. §§ 7131–7137. The State argues that this is a successive PCR petition barred by 13 V.S.A. § 7134 and the principles articulated in *In re Laws*, 2007 VT 54, 182 Vt. 66.

Mr. Chandler's 2009 criminal conviction was affirmed on appeal. *State v. Chandler*, No. 2010-135, 2011 WL 4974829 (Vt. Jan. 27, 2011) (unpub. mem.). Mr. Chandler filed this case the same month that the Supreme Court affirmed the trial court's denial of his first PCR petition claiming ineffectiveness of counsel. *State v. Chandler*, No. 2014-375, 2015 WL 2383669 (Vt. May 2015) (unpub. mem.).

Mr. Chandler's characterization of his claim in this case as falling under V.R.C.P. 75 and V.R.A.P. 21 is unavailing. In substance, this clearly is a PCR petition. The State argues that the petition should be dismissed because the ineffectiveness claim was the subject of the prior PCR, is barred directly by 13 V.S.A. § 7134, and otherwise Mr. Chandler is abusing the writ because there is no reason that he could not have raised any other claims in the prior PCR.

Although Mr. Chandler states that he is not attempting to claim ineffective assistance of defense counsel in this case, that is the only topic clearly raised in his petition.

Mr. Chandler has the burden of showing both cause and actual prejudice. *In re Laws*, 2007 VT 54, ¶ 22. He has not come forward with meaningful evidence of either. His ineffectiveness claim was squarely addressed in the prior PCR case. He has not identified any meaningful extrinsic cause that prevented him from raising that or related claims in the first case. He asserts that his first PCR case was undermined by an invalid pretrial discovery order and that at the time he was unaware of the full scope of the consequences of a felony conviction. These are not extrinsic causes that prevented him from raising any claims in that PCR case and there is no showing that they caused any actual prejudice.

Mr. Chandler also claims that review should be available because this is one those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *In re Laws*, 2007 VT 54, ¶ 20 n.5 (quoting *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). It is unclear what the alleged constitutional violation may be if not ineffective assistance of counsel but, in any event, Mr. Chandler has come forward with no meaningful evidence that a constitutional violation caused his conviction despite his innocence.

This is a successive petition within the meaning of 13 V.S.A. § 7134: "The court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The court declines to entertain the petition in this case.

**ORDER**

For the foregoing reasons, the State's motion to dismiss is *granted*.

Dated this 30th day of September 2015.

_____
Mary Miles Teachout
Superior Judge